UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| OLETHIA FLOWERS | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| LEXISNEXIS RISK SOLUTIONS INC. | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Olethia Flowers, against LexisNexis Risk Solutions Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

## PARTIES

2. Plaintiff Olethia Flowers is an adult individual residing in the state of Georgia.

3. Defendant LexisNexis Risk Solutions Inc., ("LexisNexis"), is a consumer reporting agency which regularly conducts business in the Northern District of Georgia and has a principal place of business located at 1000 Alderman Drive, Alpharetta, GA 30005.

**JURISDICTION & VENUE**

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's automobile insurance and claims history to third parties ("inaccurate information").

7. The inaccurate information includes, but is not limited to, reporting that Plaintiff was at-fault for an automobile accident on 11/06/2021. Plaintiff, however, was not found to be at-fault for this accident. She was the victim of another driver rear-ending her. The police report, insurance records, and motor vehicle records all show that Plaintiff was not at-fault for this accident.

8. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's driving and insurance claims history and Plaintiff's worthiness for automobile insurance coverage and competitive automobile insurance rates.

9. In June 2022 Plaintiff began applying for new automobile insurance policies and discovered that Defendant had been reporting the inaccurate information to various third parties. Several of her applications were denied because of the inaccurate information, and the policy she eventually obtained with

Progressive Insurance was at a much higher rate due to the false reporting of Plaintiff as at-fault in an auto accident.

10. Plaintiff repeatedly disputed the inaccurate information with Defendant, including multiple phone disputes.

11. Hoping that her previous disputes had fixed the problem, Plaintiff applied for new automobile insurance policies in the summer of 2023.

12. Plaintiff learned that Defendant was still reporting the inaccurate information on her consumer reports, which was causing her applications to be denied.

13. For example, a representative from Geico told Plaintiff that it could not approve her for an auto policy because Defendant was reporting her as at-fault for a hit-and-run accident on 11/06/2021.

14. In July 2023 Plaintiff requested her consumer file from Defendant. As part of her request, she submitted her social security number and driver's license as proof of identification. Plaintiff sent the request via certified mail.

15. On July 7, 2023, Defendant sent Plaintiff a letter stating that it could not verify her identity and would not be providing her with a copy of her file. The letter asked Plaintiff to submit various forms documentation to verify her identity, including her social security card and driver's license. This made no sense to Plaintiff because she had submitted those documents with her request.

16. Plaintiff was at a loss for what to do next. So, she submitted a dispute letter to Defendant which stated:

> To Whom it concerns:
>
> My name is Olethia Flowers. My date of birth is ******* and my social security number is ***-**-****. A copy of my driver's license is attached. I am writing to dispute an inaccurate item of information that LexisNexis is reporting about me.
>
> I have applied for insurance from several companies and learned that LexisNexis is inaccurately reporting that I was "at fault" for an auto accident in November 2021. A copy of a recent Geico denial letter is attached showing how this is being reported. I was not found to be the at-fault driver for this accident. The other driver backed into my car. I am attaching a copy of the letter from Acceptance Insurance Claims Supervisor explaining that I was not at-fault, which includes the police report showing the same. I am also attaching a copy of my Georgia Department of Driver's Services report, which shows that this accident is not listed as a citation on my record.
>
> Please correct my LexisNexis report to remove this record from my LexisNexis file, and send me an updated file. If you have any questions, I can be reached at ***-***-****.

17. Plaintiff sent the dispute letter via certified mail.

18. Defendant received the dispute letter on November 19, 2023.

19. Defendant never responded to Plaintiff's dispute.

20. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of automobile insurance rate increase or loss of automobile

insurance opportunity, harm to reputation, emotional distress including anxiety, frustration, embarrassment and humiliation.

21. Plaintiff has been informed that the basis and/or substantial factor for those denials was the inaccurate information that appears on Plaintiff's consumer reports.

22. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**FIRST CLAIM FOR RELIEF**
**(Violation of §1681e(b) of the FCRA)**

23. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set out herein.

24. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports furnished regarding Plaintiff.

25. Defendant reported information that it had reason to know was inaccurate.

26. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA,

in the promulgations of the Federal Trade Commission, and in well-established case law.

27.   Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

28.   Despite knowing of its legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

29.   As a result of these violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered, and continues to suffer, actual damages, lost opportunity to receive automobile insurance, increased insurance rates, economic loss, damage to reputation, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

30.   The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

31.   Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

## SECOND CLAIM FOR RELIEF
### (Violation of § 1681i of the FCRA)

32. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set out herein.

33. After Plaintiff submitted her disputes, Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's consumer files.

34. After Plaintiff submitted her disputes, Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

35. After Plaintiff submitted her disputes, Defendant violated 15 U.S.C. § 1681i(a)(6) by failing to provide Plaintiff with written notice of the results of its reinvestigation.

36. As a result of these violations of 15 U.S.C. § 1681i(a), Plaintiff has suffered, and continues to suffer, actual damages, lost opportunity to receive automobile insurance, increased insurance rates, economic loss, damage to reputation, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury

37. As a result of Defendant's violations of 15 U.S.C. § 1681i, Plaintiff is entitled to recover her actual damages pursuant to 15 U.S.C. § 1681n and/or § 1681o, or in the alternative her statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n.

38. Defendant's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

39. Plaintiff is entitled to recover costs and attorneys' fees from Defendant, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## JURY TRIAL DEMAND

40. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e)  Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**WEINER & SAND LLC**

BY:  /s/ Jeffrey Sand
Jeffrey Sand
Andrew Weiner
Weiner & Sand LLC
800 Battery Avenue SE, Suite 100
Atlanta, GA 30339
(404) 205-5029
js@wsjustice.com
aw@wsjustice.com

*Attorneys for Plaintiff*

Dated: February 13, 2024